IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. DLB-23-0444 |
| | * | |
| LARRY TORIAN FRANCOIS, | * | |
| | * | |
| Defendant | * | |
| | * | |
| | * | |

\*\*\*\*\*\*\*

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its undersigned counsel, hereby submits the following memorandum in aid of sentencing in the above-captioned case, which is scheduled for July 30, 2024, at 10:00 a.m.  For the reasons set forth below, the Government requests that the Court impose a sentence of **33 months**, which the Government believes is a sentence sufficient, but not greater than necessary, to achieve the sentencing goals set forth in 18 U.S.C. § 3553.

**I.**     **Procedural Background and Crime of Conviction**

On October 5, 2023, Larry Torian Francois ("Francois" or the "Defendant") was charged by complaint with being a Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g).  (ECF No. 1.)  The Defendant had his initial appearance on October 25, 2023, and was ordered detained by agreement.  (ECF No. 14.)  On December 8, 2023, the Defendant was charged by information with being a Felon in Possession of a Firearm.  The Defendant later waived being charged by indictment and on January 11, 2024, pursuant to a written plea agreement (ECF No. 30 (the "Plea Agreement")), the Defendant pleaded guilty to the sole count in the information, which carried a maximum statutory sentence of 15 years' imprisonment, up to three years on supervised release, and up to a $250,000 fine.  (ECF Nos. 28, 29.)

After accepting the Defendant's guilty plea and adjudging him guilty, the Court directed the U.S. Probation Office ("Probation") to prepare the Pre-Sentence Investigation Report ("PSR"), which was filed on March 12, 2024. (ECF No. 36 ("PSR").) The Court scheduled the Defendant's sentencing hearing for July 30, 2024.

## II. Stipulated Statement of Facts

In the Plea Agreement, the parties stipulated and agreed that, if this case had proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt.

On December 22, 2022, Prince George's County Police Department ("PGPD") officers were conducting electronic surveillance on a dark gray 2020 Dodge Charger ("the Charger"), which had been stolen from its owner the day before. Officers responded to the MGM National Harbor Hotel and Casino ("the MGM") to begin conducting physical surveillance on the Charger once it was stationary. While conducting physical surveillance, officers observed four individuals walk out of the MGM, remote start the Charger, and enter the vehicle.

Officers approached the Charger and its four occupants exited and attempted to flee on foot. The Defendant, **LARRY TORIAN FRANCOIS**, who had been seated in the driver's seat, and **Stephan Harper** ("**Harper**"), who had been seated in the front passenger seat, were arrested immediately. Another occupant, **Individual 1**, who was seated in the back seat, ran farther into the MGM parking lot before he was apprehended and arrested. A fourth occupant, also in the backseat, successfully escaped on foot.

After detaining **FRANCOIS**, **Harper**, and **Individual 1**, officers began searching the vehicle. They found under the driver's seat, from which **FRANCOIS** had fled, a green and black Polymer 80 9mm privately manufactured firearm, loaded with one round in the chamber and 18 rounds of ammunition in the extended magazine. Officers also located under the front passenger seat, from which **Harper** had fled, a black Glock 23 .40 caliber pistol, with the serial number obliterated, equipped with an automatic switch that allowed it to function as a fully automatic firearm, loaded with one round in the chamber and 20 rounds of ammunition in the extended magazine. Law enforcement recovered from **Individual 1**'s person a gold and black Glock 19 9mm, also equipped with an automatic switch, with one 9mm round in the chamber and 18 9mm rounds of ammunition in the extended magazine. Another black Glock 23 .40 S&W caliber firearm, with one round in the chamber and 12 rounds of ammunition in the magazine, was found by pursing officers on the parking lot floor along the flight path of the fourth occupant of the Charger.

**FRANCOIS** knowingly possessed the firearm and ammunition on December 22, 2022. Prior to possessing the firearm and ammunition on December 22, 2022, **FRANCOIS** had been convicted of an offense punishable by more than one year

2

imprisonment (and his civil rights had not been restored) and was therefore prohibited from possessing ammunition. At the time **FRANCOIS** possessed the ammunition, **FRANCOIS** knew that he had been convicted of an offense punishable by more than one year of imprisonment.

The ammunition possessed by **FRANCOIS** was manufactured outside of Maryland, and therefore traveled in interstate and/or foreign commerce prior to being possessed by **FRANCOIS** in Maryland on December 22, 2022.

*See* Plea Agreement at Attachment A.

### III. Sentencing Guidelines

#### A. Calculation of the Sentencing Guidelines

The Government agrees with the calculations made by Probation within the PSR regarding the advisory U.S. Sentencing Guidelines ("Guidelines" or "U.S.S.G."). (PSR ¶¶ 17-33.) Probation calculated the Defendant's Guidelines within the PSR as follows:

- The applicable base offense level for count one, Felon in Possession of Ammunition, is **20**, pursuant to U.S.S.G. § 2K2.1, because the offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine and the Defendant was a prohibited person at the time of the instant offense;

- The offense level should be reduced by **3**-levels, pursuant to U.S.S.G. § 3E1.1, because the Defendant has clearly demonstrated acceptance of responsibility for the offense, and he has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying the Government of his intention to enter a plea of guilty;

- The Defendant's prior convictions result in a criminal history score of six and a **criminal history category of III**, pursuant to U.S.S.G. 5A.

Based on its calculation, Probation determined that the Defendant's Guidelines imprisonment range was **30** to **37** months, for an offense level of 17 for the sole count and a criminal history category of III. PSR ¶ 54.

**IV.    Section 3553(a) Factors**

The Government respectfully submits that a sentence of **33** months in prison, followed by a three-year term of supervised release, will be sufficient but not greater than necessary in light of the factors articulated in 18 U.S.C. § 3553(a).

**A.    Nature & Circumstances of the Offense**

The Defendant possessed a firearm and ammunition—specifically a Polymer 80 firearm loaded with 19 rounds—on December 22, 2022, after having been previously convicted of a felony offense in 2019. He was arrested while trying to drive off in a stolen vehicle, in which he, along with the three other passengers in the vehicle, were ready for lethal violence. All carried loaded firearms, most with extended magazines, and two (although not the Defendant) had machine guns. Along with the loaded Polymer 80 firearm found under the Defendant's seat, police found a Glock 23 pistol with an obliterated serial and automatic switch loaded with 21 rounds (under the front passenger seat); a Glock 19 pistol with an automatic switch loaded with 19 rounds (on the person of one of the back seat passengers); and a Glock 23 pistol loaded with 13 rounds (in the flight path of the other back seat passenger, who escaped). Notably, the vehicle the Defendant was driving had been stolen the day before.

The Defendant and his friends possessed their loaded guns in a public place—the parking lot of the MGM casino—and they were arrested only after walking out from the MGM. Moreover, the Defendant was on supervised release in connection with his prior felony conviction when he and his associates armed themselves in this way.

**B.    History and Characteristics of the Defendant**

The Defendant's prior felony conviction warrants particular concern regarding the danger he poses to the community. He and others burglarized a 70-year-old DC resident's home in

September of 2018, with the intent to kidnap the resident, and the Defendant's phone had a recording of the resident "restrained in his home by the defendant's cohorts." From that case's "Proffer of Facts," which the Defendant admits as true and correct:

> Had this case gone to trial, the Government's evidence would have proven beyond a reasonable doubt that on September 5, 2018, around 11:00 pm, the defendant and several of his associates entered the home of 70-year old [victim], located at [an address in Washington, DC]. At the time the defendant entered [the victim's] home, he did so without permission of [the victim] and with the intent to commit a crime, in particular, kidnapping. At trial, the government would have introduced video footage, obtained from the defendant's phone, depicting [the victim] restrained in his home by the defendant's cohorts. The defendant acted knowingly and intelligently at the time of the offense, and without mistake or accident.

*See* Sept. 9, 2019 Factual Proffer, District of Columbia Superior Court Case No. 2019 CF3 010132. For this crime, the Defendant was sentenced to 36 months imprisonment, followed by three years of supervised release. (PSR ¶ 30.) He committed the instant crime months after his release for his burglary conviction.

The Defendant's criminal history underscores the need for specific deterrence. The Defendant's criminal history is developing into a troubling pattern: just as he committed a violent crime with a group of friends in 2018, he has again committed another crime with another group of friends in 2022, armed for lethal violence. This time, the Defendant had just begun a program of supervised release in connection with the previous crime. The criminal justice system's prior intervention has not stopped the Defendant from arming himself and joining others with the potential for lethal violence. Thus, a significant sentence is necessary to specifically deter the Defendant from continuing this pattern of engaging, or preparing to engage, in violent conduct and surrounding himself with people doing the same. Such a sentence is also necessary to specifically deter the Defendant from graduating to more serious crimes that involve gun violence.

### C. Need to Promote Respect for the Law and Ensure Safety of the Community

For the reasons above, the Defendant's crime demands a sentence that promotes respect for the law and ensures the safety of our community. This is the second time the Defendant has interacted with our criminal justice system, and it happened months after he was released from prison for his prior conviction. And the Defendant committed this crime under court supervision.

In criminalizing conduct like the Defendant's, Congress was "of the view that the ease with which persons, including criminals, were able to acquire firearms was a significant factor in the prevalence of violent crime in the United States." 2 Modern Federal Jury Instructions-Criminal P 35.07 (2024). Here there is the heightened potential for violence because everyone in the Defendant's group was armed, some with machineguns and most with extended magazines (including the Defendant), and they were trying to drive off in a stolen vehicle in a public place.

### D. Recommended Term of Supervised Release

The Government requests a three-year term of supervised release for the reasons discussed above. A significant period of supervised release will promote respect for the law and protect the public while the Defendant is under supervision. He was under a three-year term of supervised release in connection with his District of Columbia felony conviction when he committed the instant offense, and a similarly lengthy term would be appropriate here to specifically deter the Defendant from further engaging in potentially violent conduct.

## V. Forfeiture

The Government asks the Court to incorporate the motion for forfeiture of property and preliminary order of forfeiture, filed on April 1, 2024 (ECF No. 37), into the Court's judgment.

**VI.     Conclusion**

For the foregoing reasons, and additional information that may be presented at the sentencing hearing, the Government respectfully requests that the Court impose a term of imprisonment of **33** months, followed by three years of supervised release, which the Government views as sufficient, but not greater than necessary, to achieve the purposes of sentencing.

                                        Respectfully submitted,

                                        Erek Barron
                                        United States Attorney

By:   \_\_\_/s/_____
        Joshua A. Rosenthal
        Timothy F. Hagan
        Assistant United States Attorneys

cc:   Cara Halverson, Esq.
      Ashley Crouch, U.S. Probation Officer